IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TONY R. PETTY,<br><br>    Plaintiff,<br><br>    v.<br><br>JESSICA VILLORIA,<br>KEVIN SOUZA,<br>VOLTAIRE GANSIT,<br><br>    Defendants. | Case No. 23-cv-00009-DKW-RT<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND**[1] |

On January 9, 2023, Tony R. Petty, proceeding *pro se*, filed a Complaint against Jessica Villoria, Kevin Souza, Detective Lee,[2] and Voltaire Gansit for alleged violations of his "civil rights." Dkt. No. 1. Petty has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.[3]

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] Detective Lee is named at page 3 of the Complaint but is not identified in the Complaint's caption as a defendant. *See* Dkt. No. 1 at 1, 3.

[3] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, the Court is unable to assess Petty's entitlement to IFP status. This is because the IFP Application is unclear with respect to whether Petty has the ability to pay the filing fee. Specifically, in question 5, which asks for a list of the names and values of "any automobile, real estate, stock, bond, security, trust, jewelry, artwork, or other financial instrument or thing of value I own, including any item of value held in someone else's name", Petty has listed two contradicting figures−"0" and "my 29,000,000"−and has not described which type of property holds these values. Dkt. No. 2 at 2. As a result, the Court is unable to properly

assess whether Petty is able to pay the filing fee for this case. The IFP Application is, therefore, DENIED WITHOUT PREJUDICE.

Should Petty decide to continue with this action without paying the filing fee, he must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to him. In completing a new application, Petty must answer <u>all</u> questions on the form fully and appropriately, including the question concerning the <u>type</u> and <u>value</u> of each "thing of value" owned. Alternatively, Petty may proceed by simply paying the requisite filing fee.

## **<u>Screening</u>**

The Court liberally construes the pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

On January 9, 2023, Petty filed a Complaint alleging violations of his "civil rights" by Defendants. Petty fails, though, to identify what civil rights he believes were violated, how, when, or by whom. While Petty lists certain federal statutes and regulations (Dkt. No. 1 at 5), that list does nothing to provide details about the actual incidents in which these sources of law were supposedly violated. Nor does

this list, without more, provide support for his assertion that federal question jurisdiction exists. Dkt. No. 1 at 5. Most of Petty's citations refer to Title 18 of the United States Code, the federal criminal statutes, the provisions of which Petty has no standing to enforce or assert.[4] Petty also references 28 U.S.C. Section 1361, the application of which is lost on this Court, given that Section 1361 only relates to *federal* officers, and no federal officer (or agency) is ever mentioned in the Complaint. Petty further mentions the "U.C.C." or Uniform Commercial Code, which, so far as this Court is aware, is not a source of *federal* law, much less one that has been violated in any way revealed by the Complaint. And Petty references 27 C.F.R. Section 72.11, which offers definitional provisions and is not a source of substantive rights. Finally, although Petty identifies four Defendants, three of them are never mentioned other than for identification purposes, and, thus, he does not allege what each Defendant did to cause him harm or violate his rights.

As should be evident, then, the Court must DISMISS this action. However, because it is possible that Petty is attempting to allege one or more plausible claims

---

[4] The Complaint also indicates "Diversity of citizenship" as a basis of federal court jurisdiction, but then alleges that Petty and at least one Defendant are citizens of Hawaii. Dkt. No. 1 at 4-5. As a result, the Court does *not* have diversity jurisdiction and may proceed, if at all, only on the sole other basis of jurisdiction cited by Petty – federal question jurisdiction. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (explaining that "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of *each defendant*.") (emphasis added).

for relief, and understanding that he is pro se, the Court will allow him leave to amend. In that regard, the Court will mail Petty a copy of the complaint form. Should Petty choose to use the form mailed to him, he should answer **all** of the questions clearly and concisely. Specifically, Petty must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of Petty's right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.

## Conclusion

Petty's application to proceed *in forma pauperis*, Dkt. No. 2, is DENIED WITHOUT PREJUDICE. The Complaint, Dkt. No. 1, is DISMISSED with leave to amend as set forth herein.

Petty may have until **February 8, 2023** to file both (1) a new application to proceed in district court without prepaying fees or costs, and (2) an amended complaint, consistent with the guidance provided above. **The failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee may result in the dismissal of this action without further consideration of the**

merits of any amended complaint that Petty may file.   Further, **the failure to file an amended complaint by February 8, 2023 may result in the automatic dismissal of this action without prejudice.**

The Clerk is DIRECTED to mail Petty a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) and a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: January 18, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Tony R. Petty v. Jessica Villoria, et al.*; Civil No. 23-00009 DKW-RT
**ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION WITH LEAVE TO AMEND**