IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TONY R. PETTY,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA VILLORIA, KEVIN SOUZA, and VOLTAIRE GANSIT,<br><br>Defendants. | Case No. 23-cv-00009-DKW-RT<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On January 9, 2023, Plaintiff Tony R. Petty, proceeding *pro se*, initiated this action by filing a Complaint against three Defendants[1] for alleged violations of his "civil rights." Petty also filed an application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1–2.

On January 18, 2023, the Court (i) denied the IFP application without prejudice because it failed to make clear whether Petty had the ability to pay the filing fee, and (ii) dismissed the Complaint with leave to amend because it failed to set forth a short and plain statement of any claims. Dkt. No. 4. The Court allowed Plaintiff until February 8, 2023 to file both a new IFP application and an amended

[1]Villoria, Souza, and Gansit being the three named in the caption. It is unclear whether Petty intended to name a fourth Defendant—"Detective Lee"—who is named on page 3 of the Complaint, but not in the Complaint's caption.

complaint, and cautioned him that failure to file by the deadline would result in automatic dismissal of the action without prejudice and without further notice. *Id.* at 5–6.

Since January 18, 2023, Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order in any fashion, even though the deadline to do so has passed. Thus, as indicated in the January 18, 2023 Order and more fully explained below, the appropriate action to now take is dismissal of this case without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Before doing so, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260–61). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Plaintiff's failure to comply with the January 18, 2023 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Plaintiff's failure to comply with the January 18, 2023 Order hinders this Court's ability to manage its docket. Simply put, this Court cannot manage its docket if litigants, like Plaintiff, fail to timely follow clear instructions, such as filing an amended complaint. Therefore, this factor also favors dismissal.

Third, the risk of prejudice to a defendant depends, in part, on the plaintiff's reason for failing to prosecute the action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Plaintiff has offered no discernible excuse or explanation for his failure to comply with the January 18, 2023 Order. When a party offers a poor excuse for failing to comply with a court's order (or, in this case, no excuse), the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case. Specifically, Plaintiff was provided with an opportunity to file an amended complaint, given guidance on how to do so, and warned that failure to

comply within the time allowed may result in dismissal of the action. Plaintiff has not availed himself of this opportunity. Thus, the only alternative would be to allow the case to proceed with a Complaint that does not state a plausible claim. The Court declines to do that, and, thus, this factor also favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered, including warning the plaintiff that failure to comply would result in dismissal).

The fifth factor alone weighs against dismissal because the Court's dismissal of the case would run against public policy favoring the disposition of cases on their merits. *See Pagtalunan*, 291 F.3d at 643. Notably, however, dismissal here would be without prejudice, meaning Plaintiff can re-file, as long as he complies with the guidance provided by the January 18, 2023 Order.

In summary, although the fifth factor weighs against dismissal, the other four factors strongly favor dismissal. Therefore, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the January 18, 2023 Order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d

493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a[n] easily justified sanction for failure to prosecute").

IT IS SO ORDERED.

DATED: February 14, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

*Tony R. Petty vs. Jessica Villoria, et al*; Civil No. 23-00009 DKW-RT; **ORDER DISMISSING CASE WITHOUT PREJUDICE**